```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                      5:10CV34-02-MU
```

| | | |
|---|---|---|
| JULIUS CHRISTOPHER COX,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| (FNU) CARAWAY, Sergeant at<br>  Alexander Correctional In-<br>  stitution; and<br>(FNU) SMATHERS, Correctional<br>  Officer at Alexander Cor-<br>  rectional Institution,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed March 17, 2010.

At the outset, the Court notes that it is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court further acknowledges its obligation liberally to construe pro-se pleadings as explained in Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve a plaintiff of his/her duty to assert a claim cognizable within the jurisdiction of the district court and upon which the court can grant relief. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) ("whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any

and every claim that might arguably be presented by the facts as presented"); and Beaudett v. City Hampton, 775 F.2d 1274, (4th Cir. 1985) (district Court is not required to develop tangential claims from scant assertions in complaint). Nor does it mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a federally cognizable claim. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). With these principles in mind, the Court has conducted an initial review of this matter and determined that Plaintiff's Complaint must be dismissed –- albeit, without prejudice.

Plaintiff is an inmate at the Alexander Correctional Institution. According to the Complaint, on February 5, 2010, Plaintiff's back was injured when Defendant Smathers closed a sliding door on him. (Doc. No. 1). Plaintiff further alleges that he reported the incident to Defendant Caraway and asked for medical treatment; that the nurse had him move his head around and then told him to use Ibuprofen twice per day; Defendant Caraway said he would call Plaintiff to his office to give a statement about Defendant Smathers, but he failed to do so; that on February 7, 2010, he prepared and tendered his statement to Defendant Caraway; and that as of March 15, 2010, he still had not seen a doctor for his pain. (Doc. No.1 at 3-4). Notwithstanding the foregoing, however, Plaintiff's Complaint also indicates, despite the fact that he still is being housed at the facility at which

2

his issues arose, that he did not file a grievance concerning these matters. (Id. at 1-2).

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, it is axiomatic that exhaustion is mandatory and unexhausted claims cannot be brought in federal court. Woodford v. Nqo, 548 U.S. 81, 85-89 (2006). A prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199, 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review, but only when it is apparent from the face of the complaint that the prisoner has not exhausted administrative remedies. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the merits of some claims that have not been exhausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibility of a sua sponte dismissal on exhaustion grounds.").

Plaintiff's Complaint makes it clear that his allegations have not yet been exhausted; therefore, the Court cannot exercise

jurisdiction over these matters. 42 U.S.C. § 1997e(a). Accordingly, the instant Complaint must be <u>dismissed</u> without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** to his right to file another Complaint after he fully exhausts his administrative remedies at his prison.

**SO ORDERED.**

Signed: March 23, 2010

Graham C. Mullen
United States District Judge